## CROSS & BRIGHAM v. W. L. WILLARD'S ESTATE.

### *Evidence.*

The plaintiffs sought to recover for a quantity of cigars which they claimed to have sold and delivered to the firm of W. & B., hotel-keepers, of which the decedent was a member. The defendant claimed that the cigars were not sold, but merely left on deposit. The plaintiffs' salesman testified that he sold the cigars to said firm, and that the decedent directed J., a clerk in the hotel, to credit them to the plaintiffs on the hotel books. *Held*, that said books were admissible in evidence on the part of the defendant, in connection with J.'s testimony denying such direction, to show that no credit was given the plaintiffs thereon, for the purpose of precluding any argument or inference against the defendant on account of the non-production of said books.

APPEAL from the decision and report of the commissioners on the defendant estate, disallowing all of the plaintiffs' claim for 1500 cigars, except for 100 thereof, at $4.50. Trial by jury, September term, 1872, REDFIELD, J., presiding.

The plaintiffs claimed to have sold said cigars to the firm of Willard & Brigham, whereof the decedent was senior partner, and introduced the deposition of A. D. Pike, their salesman, who testified that on the 5th of December, 1867, he sold said firm 1500 cigars, for $70 ; that he had left said cigars on a previous trip,

11

with one Johnson, clerk of one Cady that sold his hotel to said firm on the third of December, 1867 ; and that Willard directed said Johnson to give the plaintiffs credit for said cigars on the hotel books.

The defendant's testimony tended to show, that the cigars were not sold, but merely left on deposit; that before Willard & Brigham used the cigars, their hotel was burned, and with it, the cigars in question. The defendant, against the plaintiffs' objection, introduced the hotel books of Willard & Brigham, to show that no credit was ever given thereon to the plaintiffs for the cigars, and that the name of the plaintiffs did not appear thereon. Said books were identified and proved by said Johnson, and, in connection with his testimony that no order was given him to credit the cigars on said books, they were received in evidence, to show that no credit was in fact given. The defendant's counsel, in his argument to the jury, claimed, and was permitted to argue, that the fact that no credit was given upon said books, contradicted the testimony of Pike upon that subject. To the admission of the books, the plaintiffs excepted. Under instructions not excepted to by either party, the jury found for the plaintiffs to recover $4.50, and interest. Judgment accordingly.

*Elisha May,* for the plaintiffs, cited *Batchelder* v. *Sanborn,* 2 Foster, 325 ; 1 Greenl. Ev. §§ 118, 119, and notes ; *Godding* v. *Orcutt,* 44 Vt. 54 ; *Lapham* v. *Kelley,* 35 Vt. 195 ; *Mattocks* v. *Lyman et al.* 18 Vt. 98 ; *Morse* v. *Potter,* 4 Gray, 292 ; Ib. 451.

*Geo. N. Dale,* for the defendant.

The opinion of the court was delivered by

BARRETT, J. The objection and exception were to the introduction of the hotel books of Willard & Brigham, " to show that no credit was given to Cross & Brigham on those books." The plaintiffs had given evidence of the transaction constituting the alleged sale of the cigars, and according to that evidence, a part of that transaction was the directing, by Willard, the clerk of the hotel, to give credit for the cigars on the books to the plaintiffs.

The propriety of the books as evidence for the purpose named, is fully tested and shown by inquiring what would have been claimed and argued with propriety and force in behalf of the plaintiffs, if the books had not been produced and offered on the trial. No one can fail to see that the non-production of the books would have made an unanswerable point against the defendant, that the credit was in fact given according to the alleged direction of Mr. Willard. Not to have produced and given the books in evidence, would be likely to render nugatory the testimony of the clerk, Johnson, that no such order was given by Willard. It is quite as proper and legitimate to preclude by evidence an otherwise legitimate argument and inference against a party, as it is to show a fact material to his cause of action or defense. The books in this case were introduced and admitted for that purpose. In this respect, and for such a purpose, the introduction of the books bears no analogy to the use of books as evidence to prove the sale and delivery of merchandize, or to prove any other transaction upon and in virtue of which the party claims the right to make a charge, and to hold the other party liable. It was for this last use and purpose that the books were held not to be proper evidence in the cases cited by plaintiffs' counsel. The case of *Missisquoi Bank* v. *Evarts,* 45 Vt. 293, illustrates a distinction in the uses which may properly be made of books as evidence.

It is to be noticed in this case, that the exception is confined to the admission of the books for the purpose named. No exception was taken to what was argued to the jury with the permission of the court. Nor was any exception taken to the charge of the court to the jury. So we have no occasion to notice anything but the point presented by the exception taken.

Judgment affirmed.